UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYLE A. SPENCE,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　Defendant. | Case No. 2:13-cv-00523-RSL<br><br>ORDER DENYING AMENDED MOTION TO REOPEN |

This matter comes before the Court on the Commissioner's "Amended Motion to Reopen." Dkt. # 23. On June 26, 2013, the Court entered an order remanding the case for further administrative proceedings pursuant to Sentence Six of 42 U.S.C. § 405(g), which provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a

>decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

Following remand, an Administrative Law Judge conducted a hearing on June 3, 2014, and issued an unfavorable decision on February 4, 2015, finding plaintiff not disabled. The Commissioner filed the record on which the determination was made, as required by both Sentence Six and the order of remand (Dkt. # 13 at ¶ 3). Plaintiff did not seek judicial review of the unfavorable decision.

Eight years later, the Commission filed a motion to reopen this case and establish a briefing schedule as if plaintiff were again seeking benefits. Dkt. # 22. In the meantime, the phone number plaintiff's counsel provided in March 2016 has been disconnected and, according to various on-line real estate services, the house in which plaintiff was then living has been sold. The amended motion that is currently before the Court requests that the case be reopened.

The motion to reopen is DENIED as inconsistent with the order of remand. The procedures specified in the order were drafted with the governing statutory provision in mind and with the goals of ensuring the orderly entry of final judgment if needed and the avoidance of unnecessary filings if not. The Court specifically retained jurisdiction so that a claimant could seek judicial review of an unfavorable agency decision or the parties could seek final judgment on a favorable decision without having to file a new complaint. Dkt. # 13 at ¶¶ 3-5. The order does not invite or otherwise authorize the Commissioner to reinstate the case when the administrative decision was entirely in its favor. Nor does there

ORDER DENYING AMENDED MOTION TO REOPEN - 2

appear to be a reason to reinstate the case in this posture: the Commissioner is not paying benefits, and plaintiff is not challenging the final agency action. In the absence of any explanation for why this long-closed case should be reopened when no alteration in the parties' relationship, rights, or obligations is sought, the Court declines to participate in make-work.

      Dated this 24th day of June, 2024.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING AMENDED MOTION TO REOPEN - 3